## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| BLACKTOP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-00005-DGK |
| | ) | |
| EDIBLE ARRANGEMENTS | ) | |
| INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO STAY

This lawsuit arises from an alleged unpaid debt. Plaintiff Blacktop, Incorporated ("Blacktop") alleges that Defendant Edible Arrangements International, LLC ("EAI") failed to pay for all the marketing work that Blacktop performed for EAI. Blacktop filed suit in the Circuit Court of Jackson County, Missouri, alleging two claims under Missouri common law: (1) breach of contract (Count I), and (2) unjust enrichment (Count II). EAI timely removed to this Court on January 2, 2014, arguing that the Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1).

Now before the Court are EAI's Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") (Doc. 8) and Motion to Stay Discovery and Other Proceedings ("Motion to Stay") (Doc. 17). In its Motion to Stay (Doc. 17), EAI requests the Court suspend its discovery obligations because if the Court grants its Motion to Dismiss, which according to EAI is very likely, then it will have unnecessarily expended resources conducting initial discovery and mediation. Blacktop responds that even if the Court dismisses EAI after the initial discovery phase, the discovery will be easily transferrable to a future action. Alternatively, Blacktop contends the stay would prejudice it by unnecessarily delaying the action.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (holding district court has the "inherent power" to stay litigation "to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it."). A stay should be entered only where it is a proper exercise of the court's discretion, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and the proponent of the stay bears the burden of establishing the need for a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In determining whether to grant a motion to stay discovery pending the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy. *Id.*; *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. 13-1356 ADM/FLN, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013).

EAI has not convinced the Court that a stay is warranted in these circumstances. The filing of a motion to dismiss does not, by itself, constitute good cause for staying discovery, *TE Connectivity Networks*, 2013 WL 4487505, at *2, and the other factors the Court considers do not weigh in favor of a stay. Based upon a brief review of the Motion to Dismiss, the Court cannot say EAI is *likely* to prevail in its personal jurisdiction challenge. Nor has EAI demonstrated that conducting initial discovery will irreparably harm it. On the contrary, as the initial discovery obligations and mediation are minimal in breadth, they will result in only minor expenses for EAI, and could even result in the amicable resolution of the case. Even assuming that the Court dismisses the action for lack of personal jurisdiction, Blacktop would re-file in the

appropriate forum and the parties could use the initial discovery conducted here to expedite that case.  For this reason, the balance of the harms and judicial economy factors do not weigh in favor of granting the stay.

Accordingly, EAI's Motion to Stay (Doc. 17) is DENIED.  Because the parties have failed to comply with the Court's Rule 16 Notice (Doc. 10), the Court further ORDERS the parties to conduct the Rule 26 conference within twenty-one (21) days of entry of this order and to provide the Court with a proposed scheduling order within twenty-eight (28) days of entry of this order.

**IT IS SO ORDERED.**

Date:   April 30, 2014                                     /s/ Greg Kays
                                                                    GREG KAYS, CHIEF JUDGE
                                                                    UNITED STATES DISTRICT COURT